FILED
CLERK, U.S. DISTRICT COURT
JUL - 9 2013
CENTRAL DISTRICT OF CALIFORNIA
BY                         DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Federal National Mortgage Association,<br><br>             Plaintiff,<br><br>   vs.<br><br>Adrian Vasquez, et al.,<br><br>             Defendants. | CASE NO. CV13-4746 UA (SH)<br><br>ORDER SUMMARILY REMANDING IMPROPERLY-REMOVED ACTION |

       The Court will remand this unlawful detainer action to state court summarily because Defendant removed it improperly.

       On July 1, 2013 Defendant Vasquez, having been sued in what appears to be a routine unlawful detainer action in California state court, lodged a Notice Of Removal of that action to this Court and also presented an application to proceed *in forma pauperis*. The Court has denied the latter application under separate cover because the action was not properly removed. To prevent the action from remaining in jurisdictional limbo, the Court issues this Order to remand the action to state court.

       Simply stated, Plaintiff could not have brought this action in federal court in the first place, in that Defendants do not competently allege facts supplying either diversity or federal-question jurisdiction, and therefore removal is improper. 28 U.S.C. § 1441(a); see *Exxon Mobil Corp v. Allapattah Svcs., Inc.*, 545 U.S. 546, 563, 125 S.Ct. 2611, 162

L.Ed.2d 502 (2005). Even if complete diversity of citizenship exists, the amount in controversy does not exceed the diversity-jurisdiction threshold of $75,000. *See* 28 U.S.C. §§ 1332, 1441(b). On the contrary, the unlawful-detainer complaint recites that the amount in controversy does not exceed $10,000.

Nor does Plaintiff's unlawful detainer action raise any federal legal question. *See* 28 U.S.C. §§ 1331, 1441(b).

Accordingly, IT IS ORDERED that (1) this matter be REMANDED to the Superior Court of California, Los Angeles County, Compton Judicial District, 200 W. Compton Bl., Compton CA 90220 for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c); (2) that the Clerk send a certified copy of this Order to the state court; and (3) that the Clerk serve copies of this Order on the parties.

IT IS SO ORDERED.

DATED: 7/5/13

_____
George H. King
CHIEF UNITED STATES DISTRICT JUDGE